IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JORDAN O. HARRIS,                          )
                                           )
            Plaintiff,                     )
                                           )
      v.                                   )  C.A. No. 18-490 (MN)
                                           )
CHRISTOPHER DONALDSON, et al.,             )
                                           )
            Defendants.                    )

# MEMORANDUM OPINION

Jordan O. Harris, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

December 14, 2018
Wilmington, Delaware

*signature: Maryellen Noreika*

**NOREIKA, U.S. District Judge:**

## I. INTRODUCTION

Plaintiff Jordan O. Harris ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 3, 6). He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5). The Court proceeds to review and screen the matter pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

## II. BACKGROUND

Plaintiff alleges that on July 26, 2016, Defendants were "conducting an operation in pursuit of fugitive with warrants." Plaintiff alleges that he was not the fugitive. Around 11:00 p.m., Plaintiff pulled in front of the fugitive's house as Defendants arrived in unmarked vehicles. Defendants Lieutenant Mary McGuire ("McGuire") and Probation Officer Angelo ("Angelo") exited their vehicles and approached Plaintiff in his vehicle. McGuire began shining a flashlight in the vehicle. Plaintiff proceeded to the next home and McGuire and Angelo approached Plaintiff in the same manner. Plaintiff alleges there was no acknowledgement of police presence.

When Plaintiff left the scene, within ten seconds, there was a "minor pursuit." As Plaintiff pulled into a vacant area, Defendant Detective Christopher Donaldson ("Donaldson") rammed the back of Plaintiff's vehicle multiple times. Donaldson ordered Plaintiff to place his hand out of the window in clear view. Donaldson approached Plaintiff's vehicle, opened the door, and ordered the police K-9 Ripper to attack. Ripper bit Plaintiff, pulled him to the ground, and attacked him as Donaldson repeatedly told Ripper to "get 'em boy." At some point, McGuire ordered the assault to stop, and Donaldson restrained Ripper and carried him back to the patrol car.

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988).

1

Plaintiff sustained numerous injuries and was taken to Milford Memorial Hospital where he received treatment as instructed by Defendant Sean O'Leary ("O'Leary"). Later, Plaintiff was transported to Delaware State Police Troop 3 headquarters. He did not receive any further treatment or medication for his wounds and injuries while there.

Plaintiff alleges that, with the exception of Angelo, Defendants O'Leary, Donaldson and Ripper, McGuire, Detectives Christopher Bumgarner ("Bumgarner"), Robert Daddio ("Daddio"), and Jeff Ballinger ("Ballinger"), Cpl. Robert Costlow ("Costlow"), and Sgt./Lt. Colby Cox ("Cox") were employed by the Delaware State Police and stationed at Troop 3 Headquarters in Camden, Delaware. He alleges that all Defendants were "in attendance." Plaintiff seeks compensatory damages and injunctive relief.

### III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF*

3

*Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

The Complaint raises cognizable and non-frivolous excessive force and failure to protect or intervene claims against Donaldson and McGuire. The allegations against the remaining Defendants, however, do not suffice to state claims for relief. For example, Plaintiff makes a wholesale allegation that all Defendants were in attendance, but does not explain if this means they were present at the traffic stop, at the hospital, or at Troop 3 Headquarters. Also, it is unclear if Angelo was present when Donaldson allegedly rammed Plaintiff's car and ordered the K-9 attack. Nor do the allegations that O'Leary gave instructions for Plaintiff to receive medical treatment

4

violate Plaintiff's constitutional rights. The Complaint must contain sufficient allegations to show the personal involvement of each defendant. *See also Solan v. Ranck*, 326 F. App'x 97, 100-01 (3d Cir. 2009) ("[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior"). The Complaint, however, does not allege any direct or personal involvement by Defendants Cox, Bumgarner, O'Leary, Daddio, Ballinger, Costlow, or Angelo.

Therefore, the claims against the foregoing Defendants will be dismissed as frivolous pursuant 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). Since it appears plausible that Plaintiff may be able to articulate a claim against the foregoing Defendants or name alternative defendants, he will be given an opportunity to amend his pleading. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

## V. **CONCLUSION**

For the above reasons, the Court will dismiss Defendants Cox, Bumgarner, O'Leary, Daddio, Ballinger, Costlow, and Angelo as the claims against them are frivolous pursuant 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1). Plaintiff will be given leave to amend.

An appropriate Order will be entered.

5