IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JORDAN O. HARRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 18-490 (MN) |
| | ) |
| CHRISTOPHER DONALDSON, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

At Wilmington this 20th day of August 2020, having considered Defendants' motion to compel (D.I. 59);

IT IS HEREBY ORDERED that the motion is GRANTED. Plaintiff shall provide responses to all discovery requests on or before **September 4, 2020** for the reasons that follow:

1. On December 5, 2019, Defendants served Plaintiff with interrogatories and requests for production of documents. (D.I. 35, 36). Defendants agreed to an extension of February 15, 2020 for Plaintiff to respond to the discovery requests. (D.I. 45). Plaintiff did not provide responses by February 15, 2020 and, on February 24, 2020, Defendants sent a letter to Plaintiff regarding overdue discovery responses. (D.I. 49). Plaintiff responded to the letter and provided an authorization to obtain his medical records, but he did not respond to the discovery requests. (D.I. 59-2 at 2). On March 27, 2020, the case was stayed in response to the State of Emergency in the State of Delaware. (D.I. 51). The court docket reflects that Plaintiff did not respond to the outstanding discovery prior to the stay.

2. On June 19, 2020, the stay was lifted and the Court granted Plaintiff's motion to amend discovery deadlines. (D.I. 55, 58). Because Plaintiff had yet to respond to Defendants' discovery requests within 30 days after the stay was lifted, on July 22, 2020, Defendants filed a

motion to compel.  (D.I. 59).  Plaintiff opposes the motion on the grounds that the pandemic made is difficult to comply with Defendants' excessive, meticulous requests and that he should not be required to produce materials in Defendants' possession.  (D.I. 60).  Plaintiff's deposition is scheduled for September 9, 2020.  (D.I. 60).

2. Rule 26(b)(1) of the Federal Rule of Civil Procedure provides that a party may obtain discovery regarding "any nonprivileged material that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  *Id.*  Under Rule 37, a party is entitled to seek an order compelling discovery if they have properly served interrogatories and/or requests for production and the party upon whom served has failed to provide full, complete and timely responses.  Fed. R. Civ. P. 37(a)(3)(B).

3. The Court has reviewed Defendants' discovery requests and they are neither overly burdensome nor oppressive.  Plaintiff failed to timely respond or object to any of Defendants' discovery requests, both before the case was stayed and after the stay was lifted, as required by the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 33, 34.  Plaintiff filed this action, and he has an obligation to abide by the Federal Rules of Civil Procedure.  Therefore, Defendants' motion to compel will be granted.  Plaintiff shall provide answers to all discovery requests on or before September 4, 2020.  Plaintiff is placed on notice that his failure to comply with this order may result in sanctions, including dismissing the action, as set forth in Fed. R. Civ. P. 37(b)(2).  There will be no further extensions.

                                                            */s/ Maryellen Noreika*
                                            The Honorable Maryellen Noreika
                                            United States District Judge